952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Juan PALACIO, also known as Roger Guzman, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-1341.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 6, 1991.*
Decided Jan. 7, 1992.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On November 3, 1987, Juan Palacio pleaded guilty to possession of cocaine with intent to distribute. On January 6, 1988, he was sentenced to fourteen years in prison, supervised release of three years, a fine of $40,000, and a $50 special assessment. He neither filed a direct appeal nor a motion for a sentence reduction pursuant to Rule 35 of the Federal Rules of Criminal Procedure.
 
 
 2
 On October 19, 1990, Palacio filed a motion under 28 U.S.C. § 2255 asking for resentencing on the following grounds: 1) that he was denied effective assistance of counsel because his trial counsel failed to file a motion for a sentence reduction; and 2) that the sentencing court improperly considered his national origin. Pursuant to Rule 4 governing section 2255 motions, the district court gave Palacio's motion preliminary consideration and summarily dismissed it on the basis that it was plainly apparent from Palacio's motion that he was not entitled to relief on the merits. Palacio appeals that dismissal.
 
 
 3
 Under the two-prong test enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), for Palacio to prove that his counsel rendered constitutionally ineffective assistance, he must "affirmatively establish that counsel's performance was both constitutionally deficient and that the deficiency prejudiced the outcome of the trial." Harris v. Reed, 894 F.2d 871, 877 (7th Cir.1990). Palacio asserts that his trial counsel rendered ineffective assistance because she failed to file a motion for a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b) within 120 days after his sentencing. Fed.R.Crim.P. 35(b) (correction of sentence for changed circumstances). Palacio cites to the sentencing transcript to demonstrate that both the government and his attorney led him to believe that a Rule 35 motion would be made on his behalf and that his cooperation efforts with the government would be considered.
 
 
 4
 In dismissing this claim, the district court cited to this court's decision in United States v. Hill, 826 F.2d 507 (7th Cir.1987). In Hill, we stated that failure to file a motion under Rule 35(b) does not show that the sentence was imposed in violation of the Constitution or of a federal law for the purpose of collateral attack under section 2255. Hill, 826 F.2d at 509. Palacio contends that his case is distinguishable from Hill because the remarks made at his sentencing demonstrate a more probable result that a Rule 35 motion would have met with some success, or in the alternative, he asks us to overrule Hill.
 
 
 5
 Palacio's contention has no merit. Hill merely makes it clear that "failure to get the Rule 35(b) process under way is not the sort of defect for which § 2255 permits a court to supply a remedy." Id. Even if it did, Palacio has not shown how he was prejudiced by counsel's failure to file the motion. The success of such a motion depended on Palacio's cooperation with the government after sentencing--Palacio has not shown that he cooperated. In any event, there is no right to effective assistance of counsel in prosecuting post-conviction motions. United States v. Kimberlin, 898 F.2d 1262, 1265 (7th Cir.1990) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).
 
 
 6
 Palacio also contends that the district court erred when it determined that his national origin was not improperly considered at the time of sentencing. The government argues that Palacio has waived this issue because he neither objected to the judge's references to his Colombian nationality at the time of sentencing nor raised this issue on direct appeal. A petitioner may not raise claims for the first time in a habeas petition that could have been raised earlier but were not unless he can show cause for and prejudice resulting from his failure to raise them. United States v. Frady, 456 U.S. 152, 167-68 (1982). Palacio has not attempted to show cause and prejudice for his procedural default.[1]
 
 
 7
 For all of the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Because the district court summarily dismissed Palacio's habeas petition before the government filed a response, the government did not have the opportunity to raise the issue of procedural default before it filed its brief on appeal. Therefore, the government has not waived this issue. Cf. Property & Casualty Ins. Ltd. v. Central Nat'l Ins. Co. of Omaha, 936 F.2d 319, 323 n. 7 (7th Cir.1991) (waiver is not appropriate where the parties had their first opportunity to brief an issue on appeal). We note that Palacio did not file a reply brief