983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean FOLEY, Defendant-Appellant.
 No. 92-1888.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 22, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Sean Foley was convicted of some offenses preceding November 1, 1987, and some that occurred afterward. The district judge imposed concurrent 14-year sentences on all counts. We affirmed the convictions and the pre-guidelines sentences but vacated the guidelines sentences and remanded for the explanation required by statute for guidelines sentences. United States v. Morrison, 946 F.2d 484, 504 (7th Cir.1991). On remand the district judge imposed concurrent 10-year sentences on all counts under the guidelines, to run concurrently with the pre-guidelines sentences.
 
 
 2
 At this point Foley asked the district judge to reduce his pre-guidelines sentences, contending that it is unjust to have different length sentences for the same course of conduct. Foley apparently believes that the 14-year pre-guidelines sentences are "more severe" than the 10-year guidelines sentences, which is not apparent to us: parole has been abolished, and good time reduced, for sentences under the guidelines. No matter. The district court lacked authority to provide the relief Foley sought.
 
 
 3
 The only authority for reducing Foley's pre-guidelines sentences, which were not vacated on the first appeal, see 946 F.2d at 504, would be the version of Fed.R.Crim.P. 35(b) that applies to pre-guidelines sentences. This rule gave defendants 120 days following the district court's receipt of the appellate mandate within which to file a motion for reduction of sentence. The district court received our mandate on November 4, 1991. Foley had until March 3, 1992, to seek relief. His first motion questioning the pre-guidelines sentences, styled "Motion of Defendant Foley for Reconsideration", was not filed until March 27, 1992. The limit established by Rule 35(b) was jurisdictional. United States v. Hill, 826 F.2d 507, 508 (7th Cir.1986). Thus the district court could not have granted Foley's motion, even if inclined to--which it was not. Although the district court did not mention the time bar, it came to the only conclusion the law allows.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record