**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Asmar ABDUL–HAMID, also known as Michael Fields, Defendant–Appellant.**

**No. 91–2137.**

United States Court of Appeals, Seventh Circuit.

Argued June 17, 1992.

Decided July 16, 1992.

Barry R. Elden, Asst. U.S. Atty., Criminal Receiving, Appellate Div., Diane MacArthur, argued, Office of the U.S. Atty., Chicago, Ill., for U.S.

Sheldon Nagelberg, argued, Chicago, Ill., for Asmar Abdul–Hamid.

Before CUMMINGS, POSNER and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

Asmar Abdul–Hamid appeals his sentence after the district court found that he violated the conditions of his probation and imposed on him a term of five years' imprisonment. Abdul–Hamid argues that the district court erred by refusing to apply the ABA Standards Relating to Probation, Section 5.1 (1970) ("ABA Standards"), which recommend alternatives to incarceration for probation violations.

I.

In 1984, defendant-appellant Asmar Abdul–Hamid entered two guilty pleas: one for inducing an individual to travel in interstate commerce for the purpose of executing a scheme to defraud, 18 U.S.C. § 2314, and one for acquiring a firearm through the use of a false written statement, 18 U.S.C. § 922(a)(6). Abdul–Hamid was sentenced to three and one-half years of imprisonment on the firearm charge and to five years' probation on the scheme to defraud charge. Abdul–Hamid's probation was to run consecutive to his imprisonment. Among the conditions of probation, Abdul–Hamid was to make full and complete restitution to the victims of his scheme to defraud. As a general condition of probation, he was to refrain from violating federal law. After serving his term of imprisonment, Abdul–Hamid began serving his five-year period of probation on February 8, 1987.

On February 13, 1990, the government filed a Motion for an Order to Show Cause Why Defendant's Probation Should Not Be Revoked. At the August 31 hearing on this motion, Abdul–Hamid stipulated to three violations of probation: (1) failure to pay restitution, (2) failure to keep appointments with his probation officer, and (3) failure to follow his probation officer's instructions. The court entered a finding that a violation of probation had occurred and ordered probation revoked.

Before the August 31 hearing, the government had filed a Supplemental Motion for an Order to Show Cause Why Defendant's Probation Should Not Be Revoked: Abdul–Hamid had been arrested on July 9 while in possession of two fully loaded handguns and spare ammunition. Such possession violated federal law under 18 U.S.C. § 922,[1] and on December 14, 1990, the district court determined that Abdul–Hamid had violated his probation on this basis as well.

At the sentencing hearing on April 23, 1991, Abdul–Hamid's attorney argued that the district court should consider the ABA Standards,[2] which recommend that the court consider alternatives to incarceration for probation violations. The district court dismissed this suggestion stating that the ABA Standards apply to the original sentencing of a defendant, not to the sentencing following a violation of probation. In deciding on a sentence of five years' imprisonment, the court stated:

> Mr. Hamid, I am distressed that having been convicted in this Court in a manner in which you should have known that guns were going to get you in serious trouble if you violated your probation, you went out and were caught in violation of your probation possessing these weapons.

> Now, the fact that you like guns is no excuse. There's only one purpose for guns like that, an arsenal like that, and it is very serious conduct.

I am going to sentence you to the custody of the Attorney General for a period of five years, and I will give you credit for the time that has been served.

## II.

We must initially determine under what authority we may review Abdul–Hamid's sentence. The government maintains that our jurisdiction in this case does not derive from 18 U.S.C. § 3742(a).[3] Section 3742(a) is the provision of the Sentencing Reform Act of 1984[4] ("SRA") which governs our jurisdiction to hear defendants' appeals of their sentences.

■ We agree that our jurisdiction in this case does not derive from § 3742(a). In *United States v. Stewart*, 865 F.2d 115 (7th Cir.1988), we held that "the [SRA does] not apply to defendants whose offenses were committed prior to November 1, 1987." *Id.* at 118. Since Abdul–Hamid's offense (the fraud violation) occurred before 1987, the SRA—including § 3742(a)—does not apply in his case. *Cf. United States v. Spilotro*, 884 F.2d 1003, 1005 (7th Cir.1989) (§ 3742(b) inapplicable where offense committed before November 1, 1987).

Our conclusion is not altered by the fact that Abdul–Hamid committed the acts which violated the conditions of his probation *after* November 1, 1987. Such acts are not "offenses" within the meaning of the SRA. *See United States v. Sanchez*, 907 F.2d 127, 128 (10th Cir.1990) (explaining that "[r]evocation of probation does not

---

1. Subsection (g)(1) makes it unlawful for a felon to possess a firearm.

2. The relevant portion of the ABA Standards provides:
   Revocation [of probation] followed by imprisonment is an appropriate disposition if the court finds on the basis of the original offense and the intervening conduct of the probationer that:
   (i) confinement is necessary to protect the public from further criminal activity by the offender; or
   (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
   (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

American Bar Association, Standards Relating to Probation § 5.1 (Approved Draft 1970), *cited in* Fed.R.Crim.P. 32.1 advisory committee's note.

3. The government took this position at oral argument, stating that the citation to 18 U.S.C. § 3742 in its brief was a mistake. Although we do not normally consider matters raised for the first time at oral argument, we have an independent duty to determine whether jurisdiction exists before considering the merits of an appeal. *A.G. Edwards & Sons v. Public Bldg. Comm'n*, 921 F.2d 118, 121 n. 2 (7th Cir.1990).

4. Pub.L. No. 98–473, 98 Stat.1987 (codified as amended in scattered sections of 18 & 28 U.S.C.).

carry its own punishment, but merely allows the court to set a new sentence for the original conviction"). While we have not previously adopted this position explicitly, *United States v. Schimmel*, 950 F.2d 432,. 434 n. 4 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1575, 118 L.Ed.2d 218 (1992), we have implicitly relied on this reasoning in prior cases. *See United States v. Barnett*, 961 F.2d 1327 (7th Cir.1992) (per curiam) (applying pre-SRA law where offense occurred before effective date of SRA but probation violation apparently occurred after effective date); *United States v. Thomas*, 934 F.2d 840, 842 (7th Cir.1991) (same).

Although § 3742(a) does not give us jurisdiction to review Abdul–Hamid's sentence, we still have jurisdiction under 28 U.S.C. § 1291, which permits review of final district court decisions. Because the SRA does not apply to Abdul–Hamid's case, pre-SRA law governs our review of his sentence.

■■■ Appellate review of sentences under pre-SRA law was extremely narrow:

> A sentence which is within the limits established by statute under which it is imposed will not be vacated upon review unless the sentencing judge relied upon improper considerations or unreliable information in exercising his discretion or failed to exercise any discretion at all in imposing the sentence.

*Barnett*, 961 F.2d at 1328 (omitting internal quotations). Reviewing Abdul–Hamid's sentence on these grounds, we find no basis upon which he may prevail. First, he was sentenced to five years; the statutory maximum is ten years. 18 U.S.C. § 2314. Second, in sentencing Abdul–Hamid to prison, the judge noted that Abdul–Hamid was caught with weapons when he should have known that he would find himself in serious trouble for such possession. The judge also considered the great danger that the weapons posed. The likelihood that the defendant will reform and the danger he poses to society are not improper considerations when imposing sentence after probation is revoked. *See Morrissey v. Brewer*, 408 U.S. 471, 479–80, 92 S.Ct. 2593, 2599–600, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Third, the judge did not rely on inaccurate information as there was ample evidence that Abdul–Hamid was in possession of illegal weapons. Probation Hearing (12/14/90) Tr. 8–16. Fourth, there is no indication from the judge's remarks that he failed to exercise discretion.

■■■ Abdul–Hamid raises other challenges to his sentence. He argues that the judge was required to consider the ABA Standards, claiming that they were codified in 18 U.S.C. § 3553(a), and that the judge's failure to do so requires a remand. We disagree. Section 3553(a) was enacted as part of the SRA. As we have already explained, the SRA does not apply in this case because Abdul–Hamid's offense occurred before November 1, 1987. Thus, it is irrelevant whether § 3553(a) codified the ABA Standards because § 3553(a) does not apply. Abdul–Hamid also cites Criminal Rule 32.1, which quotes the ABA Standards in the accompanying advisory committee note. Abdul–Hamid has waived this point by failing to make a legal argument on appeal, *United States v. Scroggins*, 939 F.2d 416, 422 n. 7 (7th Cir.1991), as well as by failing to raise it before the district court. *United States v. Adamo*, 882 F.2d 1218, 1233 (7th Cir.1989). Moreover, we find no plain error because the ABA Standards are cited, not in the Rule itself, but in the advisory committee note, which is not binding. *Cf. Deppe v. Tripp*, 863 F.2d 1356, 1362 (7th Cir.1988) (advisory committee notes to Federal Rules of Evidence not binding). Finally, Abdul–Hamid claims that the Supreme Court decisions of *Morrissey* and *Gagnon* require the district court to consider alternatives to incarceration. In light of the judge's comments upon sentencing Abdul–Hamid to prison, we find the requirements of those cases' were satisfied.

We conclude there is no basis on which to disturb Abdul–Hamid's sentence. Accordingly, the judgment of the district court is

AFFIRMED.