4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Claymor ADCOCK, Defendant-Appellant.
 No. 93-1193.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.
Decided Sept. 10, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Claymor Adcock entered a plea of guilty in which he admitted that, in September of 1986, he possessed stolen mail in violation of 18 U.S.C. Sec. 1708. The district court ordered that imposition of sentence be suspended and that Adcock be placed on probation for five years. The court later revoked his probation and sentenced him to four years' imprisonment. On appeal, Adcock's court-appointed attorney, William J. Pulkinen, filed a motion pursuant to Circuit Rule 51(a) to withdraw as Adcock's counsel. Pulkinen's motion and supporting brief, filed in accordance with Anders v. California, 386 U.S. 738 (1967), and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that all issues on appeal are frivolous. We notified Adcock of his attorney's motion and informed him that he could file a response raising any grounds that showed why his appeal should not be dismissed. No such response was filed and, therefore, the motion is taken on the brief of the attorney and the record. Finding no nonfrivolous issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 The brief submitted by counsel states that Adcock did not contest either the alleged violations of probation or that those violations warranted revocation of probation and the imposition of sentence. Our review of the record confirms these assertions and reveals no basis on which Adcock could argue to the contrary and prevail under the plain error standard. Pulkinen's brief identifies two issues Adcock might conceivably raise, and both issues relate to his sentence: whether the sentence was excessive and whether the judge abused or failed to exercise his discretion in sentencing Adcock.
 
 
 3
 Pulkinen suggests that Adcock might argue that his sentence is excessive. It would be difficult for Adcock to prevail with this line of argument because, under pre-Guidelines law,[1] a trial judge has wide discretion in determining what sentence to impose, United States v. Harty, 930 F.2d 1257, 1266-67 (7th Cir.), cert. denied, 112 S.Ct. 262 (1991), and will be reversed only upon a showing that he abused his discretion. United States v. Threw, 861 F.2d 1046, 1049 (7th Cir.1988). Nevertheless, Adcock could argue that his co-defendant, Robin Bustamonte, who was apparently the "ring leader" of the scheme, see Sentencing Transcript (3/8/91) 12, received a shorter sentence than Adcock and hence his own sentence was excessive. First, it is not clear from the record what sentence Bustamonte received. Second, assuming she received no jail time, "[a] mere showing of disparity in sentences among codefendants does not, without more, demonstrate any abuse of discretion." United States v. Beverly, 913 F.2d 337, 359 (7th Cir.1990) (internal quotations omitted), cert. denied, 498 U.S. 1052 (1991). In this case, there were sufficient reasons for a disparity: Adcock's ample criminal history, see United States v. Nowicki, 870 F.2d 405, 409 (7th Cir.1989), and his complete failure to abide by the conditions of his probation. If Adcock had simply abided by those conditions, he would not have received any prison time at all.
 
 
 4
 Adcock might also argue that the four-year sentence imposed by the court was excessive because it was more than the "several years" recommended by the prosecution. Transcript of Probation Revocation Hearing ("Tr.") 77. This argument fails for two reasons. First, four years is "several years," so the sentence did not exceed the prosecutor's recommendation. Second, even if the sentence exceeded the prosecutor's recommendation, the court is not bound to follow that recommendation. Cf. Fed.R.Crim.P. 11(e)(1)(B) (prosecutor's sentence recommendation in plea agreement not binding on the court).
 
 
 5
 Next, Adcock might claim that the sentence of four years was excessive in light of the fact that he pled guilty to possession of a check worth only $100. Yet merely because a sentence is relatively severe in comparison to the crime committed does not undermine the validity of the sentence.
 
 
 6
 A sentence which is within the limits established by statute under which it is imposed will not be vacated upon review unless the sentencing judge relied upon improper considerations or unreliable information in exercising his discretion or failed to exercise any discretion at all in imposing the sentence.
 
 
 7
 United States v. Barnett, 961 F.2d 1327, 1328 (7th Cir.1992) (per curiam) (internal quotations omitted). The four-year sentence was within the five-year maximum provided by Congress. 18 U.S.C. Sec. 1708.[2] Thus, we must consider whether there is any basis to argue that the district court relied on improper considerations or unreliable information, or abused or failed to exercise his discretion.
 
 
 8
 Pulkinen points out that Judge Warren made some comments expressing his personal dislike for the fact that Adcock had fathered two children without ever marrying the mother. This would indeed be an improper factor on which to sentence Adcock, but we must be careful not to take a sentencing judge's remarks out of context. United States v. Peters, 791 F.2d 1270, 1304 (7th Cir.), cert. denied, 479 U.S. 847 (1986). The judge made these comments as an aside while he was questioning Adcock; they occurred long before he imposed sentence. Upon imposing the four-year sentence, the judge simply stated: "You had your chance on probation, and you blew it." Tr. 83. Considering the record in context, there is no indication that the judge relied on his personal dislike for the fact that Adcock had fathered two children out of wedlock.
 
 
 9
 We have found in the record no reason to believe that the judge relied on inaccurate information, and though given a chance, Adcock has failed to point out any evidence of such improper reliance (or any other issue on which to appeal). Moreover, there is no reason to believe that the judge failed to exercise his discretion in sentencing Adcock. He asked the defense, the prosecution, and the probation officer for their recommendations. He never indicated that he believed he was bound to impose the sentence he did.
 
 
 10
 We conclude that any challenge to Adcock's sentence would be frivolous. Accordingly, attorney Pulkinen's motion to withdraw as counsel is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 The underlying illegal conduct in this case took place before the effective date of the United States Sentencing Guidelines and hence is governed by pre-Guidelines law. See United States v. Abdul-Hamid, 966 F.2d 1228, 1230 (7th Cir.1992)
 
 
 [2]
 Indeed, under Sec. 1708, the monetary value of the unlawfully possessed mail does not affect the severity of the penalty to which the defendant is exposed. Thus, Adcock would have been subject to a five-year sentence even if he had unlawfully possessed a simple post card