CONTIE, Circuit Judge,
dissenting.
The bankruptcy court held that it lacked jurisdiction to rule on a timely-filed motion for an extension of time because it failed to rule within the 30-day period provided by Bankruptcy Rule 4003(b). The district court reversed. Because the district court’s decision should be affirmed, I respectfully dissent.
I.
When filing a bankruptcy petition, a debtor may exempt certain property from the bankruptcy estate pursuant to 11 U.S.C. § 522. Thereafter, pursuant to Bankruptcy Rule 4003(b), “[t]he trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.” Though Trustee Rogers moved for additional time to object to the Debtor’s claimed exemptions less than thirty days after the meeting of creditors concluded, the bankruptcy court failed to sign and enter the order granting additional time within the 30-day period.
Unfortunately, it isn’t clear whether an order granting an extension of time must be signed and entered prior to the end of the 30-day period, or whether the filing of the motion before the expiration of the 30-day period satisfies Rule 4003(b)’s mandate. Though at least two circuits have construed Rule 4003(b) narrowly to require that an extension be granted within thirty days following the conclusion of the meeting of creditors,[1] I believe that those decisions, and the majority’s decision in this action, are wrongly decided.
Unfortunately, little case law exists with respect to Bankruptcy Rule 4003(b) and its 30-day requirement. However, numerous courts have addressed this same issue as it pertains to other statutes and rules. For example, prior to its amendment in 1985, Federal Rule of Criminal Procedure 35(b) provided: “The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.” After numerous courts narrowly construed Rule 35(b) to *601 mean that a judge must act within 120 days,[2] Congress amended Rule 35(b) to clarify its intended meaning:[3]
This amendment to Rule 35(b) conforms its language to the nonliteral interpretation which most courts have already placed upon the rule, namely, that it suffices that the defendant’s motion was made within the 120 days and that the court determines the motion within a reasonable time thereafter. Despite these decisions, a change in the language is deemed desirable to remove any doubt which might arise from dictum in some cases that Rule 35 only “authorizes District Courts to reduce a sentence within 120 days” and that this time period “is jurisdictional, and may not be extended.”
As for the “reasonable time” limitation, reasonableness in this context “must be evaluated in light of the policies supporting the time limitations and the reasons for the delay in each case.” The time runs “at least for so long as the judge reasonably needs time to consider and act upon the motion.”
Fed.R.Crim.P. 35 (Advisory Committee Note to 1985 amendment) (citations omitted).[4] See also United States v. Hayes, 983 F.2d 78, 81 (7th Cir.1992) (“Furthermore, a jurisdictional interpretation of the one-year time period in Rule 35(b) would create arbitrary and inequitable results by depriving a defendant of a ruling due to circumstances entirely outside his control____ A defendant who fully cooperates with governmental authorities should not be penalized by possible tardiness on the part of the Government or the courts.”); United States v. Walgren, 885 F.2d 1417, 1426-27 (9th Cir.1989) (“Walgren filed his motion for a new trial [pursuant to Fed. R.Crim.P. 33] within the two-year time limit. The district court, however, decided that its jurisdiction had lapsed because of the delay between the filing of the motion and when the motion was finally heard. [Because] the delay was not unreasonable and does not undermine the district court’s jurisdiction[,][t]he district court erred when it dismissed the motion for lack of jurisdiction.”).
The Ninth Circuit adopted this same philosophy when it held that a bankruptcy court may grant a debtor’s timely-filed motion for an extension of time (under 11 U.S.C. § 365(d)(4)) even after the relevant time period has expired:
We are asked here to resolve a question of first impression in the circuit courts regarding the interpretation of section 365(d)(4) of the Bankruptcy Code.... Under section 365(d)(4), a nonresidential lease is deemed rejected by a debtor-lessee unless that party assumes the lease within 60 days after filing for Chapter 11 protection or within such additional period as is fixed by the bankruptcy court. In the case before us, the debtor-lessee moved, before the initial 60-day period had expired, for an extension of time within which to assume or reject a commercial lease, but the bankruptcy court did not hear the motion until after that period had ended. The court held that the lease was deemed rejected immediately upon the expiration of the sixtieth day, and that it was without *602 authority to grant the timely filed motion for extension. The bankruptcy appellate panel affirmed; we reverse.
While the bankruptcy judge declared that he would be inclined to grant the extension motion, he concluded that he no longer had authority to do so, ruling that the lease was deemed rejected pursuant to section 365(d)(4) of the Bankruptcy Code____ Under the bankruptcy judge’s view, rejection was automatic since the 60-day deadline passed before he had held any hearing or issued any ruling on the motion. The Bankruptcy Appellate Panel affirmed, holding that the language of section 365(d)(4) “is precise and leaves no room for arguing that an extension may be granted or confirmed after 60 days have elapsed.”
Long Beach’s interpretation of section 365(d)(4) would produce fortuitous and inequitable results. It would also require us to assume that Congress intended to take the most unusual and highly questionable step of interfering with the normal operation of the judicial branch by ordering the termination of jurisdiction over a particular issue whenever a court failed to make a ruling within a brief period. In light of those circumstances, we cannot conclude that the more restrictive interpretation of the section accurately reflects the intent of Congress.
Rather, the interpretation we believe best comports with congressional intent is the one that preserves the authority of the bankruptcy court to rule on timely filed motions. It strikes the balance between creditor protection and debtor relief that Congress intended, and is eminently reasonable, fair and sensible. We fully agree with the bankruptcy courts that have previously adopted that view.
For all the above reasons, we hold that if cause for an extension arises within the 60-day period and a motion for an extension is made within that period, a bankruptcy court may, even after the 60-day period has expired, consider the debtor’s motion and, if it finds there was sufficient cause at the time the motion was filed, grant the requested extension.
In re Southwest Aircraft Servs., Inc., 831 F.2d 848, 848-53 (9th Cir.1987) (citations and footnotes omitted), cert. denied, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988).
Simply stated, though “[t]he plain meaning of legislation should be conclusive,” United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989), an exception exists “in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.” Id. (citation and internal quotations omitted) (brackets in original).[5] Because a literal application of Rule 4003(b) fails to account for practical problems such as an ill or vacationing bankruptcy judge who is unable to act on a timely-filed motion within the 30-day period articulated in Rule 4003(b), or a motion that is filed on the thirtieth day, minutes after the bankruptcy judge has gone home, I believe that Congress did not intend the literal and nonsensical interpretation of Rule 4003(b) that the majority adopts. The drafters of Rule 4003(b) intended that objections to claimed exemptions be filed within thirty days, not decided within thirty days. See generally United States v. Mendoza, 581 F.2d 89, 90 (5th Cir.1978) (“We hold that if a motion to reduce sentence is properly filed within the 120 days required by [Federal Rule of Criminal Procedure 35], the district court retains jurisdiction for a reasonable time after the expiration of 120 days in those rare circumstances in which it is unable to decide the motion within the 120-day period.”). Because Trustee Rogers filed his motion for an extension of time within the 30-day period contemplated by Bankruptcy Rule 4003(b), the bankruptcy court had jurisdiction to decide the trustee’s motion.
More importantly, perhaps, I am concerned that the judiciary’s independence is threatened by Rule 4003(b), as it is interpret *603 ed by the majority. Specifically; I believe that Congress overstepped its bounds by telling bankruptcy judges that they must rule on timely-filed motions within specified time periods.[6] Indeed, an independent judiciary is fundamental to our system of government and is guaranteed by separation of powers principles; See Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 60, 102 S.Ct. 2858, 2865, 73 L.Ed.2d 598 (1982) (“In sum, our Constitution unambiguously enunciates a fundamental principle— that the ‘judicial Power of the United States’ must be reposed in an independent Judiciary. It commands that the independence of the Judiciary be jealously guarded, and it provides clear institutional protections for that independence.”). Because one branch of the government is not permitted to encroach on the domain of another branch of government, the district court correctly decided this action.
Accordingly, I would AFFIRM.

. In Matter of Stoulig, 45 F.3d 957 (5th Cir.1995), the Fifth Circuit held that the bankruptcy court lacked jurisdiction to grant the trustee’s timely-filed motion for an extension of time to object to the debtor's claimed exemptions after the 30-day period set forth in Rule 4003(b) expired. Similarly, in In re Brayshaw, 912 F.2d 1255 (10th Cir.1990), the Tenth Circuit held that the bankruptcy court lacked jurisdiction to grant a timely-filed motion for an extension of time after the 30-day period expired.

. See, e.g., United States v. Inendino, 655 F.2d 108, 109 (7th Cir.1981) ("Rule 35 does not refer to any time period during which a defendant must make his motion to reduce sentence. It imposes instead a limit on the time during which the sentencing judge may act to reduce the sentence.”) (footnote omitted); United States v. Olds, 426 F.2d 562, 565 (3d Cir.1970) ("The Government correctly points out that under Rule 35 a sentencing judge may reduce a lawful sentence only within 120 days after sentence is imposed.”).

. Federal Rule of Criminal Procedure 35(b), as amended in 1985, provided:
A motion to reduce a sentence may be made ... within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time.
Fed.R.Crim.P. 35(b).

. Though Advisory Committee notes are not binding on courts, see, e.g., United States v. Abdul-Hamid, 966 F.2d 1228, 1231 (7th Cir.1992), they are "analogous to legislative history which we use to clarify legislative intent.” United States v. Hayes, 983 F.2d 78, 82 (7th Cir.1992).

. Questions of statutory interpretation are subject to de novo review. United States v. Hans, 921 F.2d 81, 82 (6th Cir.1990).

. The Bankruptcy Rules are enacted by the Supreme Court and reviewed by Congress. See 28 U.S.C. § 2075 (Congress’ delegation of power to the Supreme Court to prescribe bankruptcy procedural rules).