**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011
Decided May 7, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 11-1570

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> WILLIAM C. BROWN <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:82-cr-00384-1 <br><br> Marvin E. Aspen, <br>     *Judge.* |

**O R D E R**

William Brown pocketed federal funds received to pay ghost workers he created for the youth-employment programs he supervised. In 1983, he was found guilty on multiple counts of embezzlement and making false claims, 18 U.S.C. §§ 665, 1001, and was sentenced to a total of 5 years in prison followed by 5 more years of probation. *See United States v. Brown*, 742 F.2d 363 (7th Cir. 1984). In 1990, after his release from federal prison, Brown was arrested by state authorities and charged with sexually assaulting two boys. That arrest prompted Brown's

probation officer to seek revocation and obtain a bench warrant, which was lodged as a detainer at the jail where Brown was being held. Meanwhile, Brown also was charged by state authorities with soliciting a murder, a crime for which he was convicted and sentenced to 30 years' imprisonment. While serving that term, Brown pleaded guilty to the pending charges of sexual assault and was sentenced to 8 more years to run consecutively. The federal bench warrant remained in place as a detainer throughout Brown's state incarceration, despite his efforts to secure a revocation hearing or else have the warrant quashed.

Brown's state sentences expired in September 2010. At that point, the bench warrant was executed, and Brown was transferred to federal custody. After a hearing in February 2011, the district court revoked Brown's probation and resentenced him to time served plus another 18 months of probation.

Brown filed a notice of appeal, but his appointed lawyer moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Brown opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and in Brown's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). We grant counsel's motion to withdraw and dismiss the appeal.

In his *Anders* submission, counsel first considers whether Brown could challenge the district court's finding that he violated a condition of his probation. Counsel rightly deems this potential claim frivolous because Brown admitted the violation and does not want the revocation overturned. *Cf. United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010) (defendant who does not challenge the revocation of supervised release may not challenge the admissions that undergird that revocation). Moreover, the district court was entitled to rely on Brown's state conviction as proof of his probation violation. *See United States v. Huusko*, 275 F.3d 600, 602–03 (7th Cir. 2001); *United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir. 1993).

Counsel also recognizes that any challenge to Brown's new sentence would be frivolous. Counsel analyzes the possibility of a claim arising under the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553(a), but that discussion is misguided. The Sentencing Guidelines and § 3553(a) are irrelevant because Brown committed his underlying offense before either the Guidelines or § 3553 took effect. *See Knight v. United States*, 73 F.3d 117, 120 n.7 (7th Cir. 1995); *United States v. Abdul-Hamid*, 966 F.2d 1228, 1230–31 (7th Cir. 1992). A challenge to his sentence instead would be frivolous because the district court did not stray beyond the statutory limits or rely on improper considerations or unreliable information. *See Abdul-Hamid*, 966 F.2d at 1231; *United States v. Veteto*, 945 F.2d 163, 166 (7th Cir. 1991); *United States v. Barnett*, 961 F.2d 1327, 1328 (7th Cir. 1992).

In sentencing Brown to time served (about 5-1/2 months) and 18 additional months of

probation, the district court imposed a "split sentence" of the type explicitly authorized by statute. *See United States v. Thomas*, 934 F.2d 840, 843 & n.6 (7th Cir. 1991); *Davis v. United States*, 790 F.2d 716, 717 (8th Cir. 1986). Section 3653 of Title 18, which applies to Brown's probation revocation, *see Knight*, 73 F.3d at 121, provides that a district court upon finding that a probationer has violated the terms of his probation "may revoke the probation and require [the probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." And a defendant like Brown who was on probation for a federal crime carrying a maximum penalty exceeding 6 months may, upon revocation, be given a split sentence of up to 6 moths in prison plus a term of probation "for such period and upon such terms and conditions as the court deems best." 18 U.S.C. § 3651.

Brown suggests in his Rule 51(b) response that he suffered cruel and unusual punishment and was denied equal protection and due process when the district court did not accede to his demands to conduct the revocation hearing before his state sentences expired. Those several demands were based upon the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74, and the Interstate Agreement on Detainers, 18 U.S.C. app. § 2. The district court did not respond to Brown's submissions (on the record before us, we cannot tell why), but no liberty interest was implicated until the bench warrant was executed in 2010, and thus it would be frivolous for Brown to argue that the court violated his constitutional rights by not conducting the revocation hearing expeditiously. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976); *United States v. Williams*, 787 F.2d 1182, 1184 (7th Cir. 1986); *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008); *United States v. Chaklader*, 987 F.2d 75, 77 (1st Cir. 1993). Although Brown notes that the warrant lodged as a detainer disqualified him from certain prison jobs and programs during his state incarceration, such deprivations do not implicate a constitutionally protected interest. *See Moody*, 429 U.S. at 87–89; *Williams*, 787 F.2d at 1184 n.3; *Lekas v. Briley*, 405 F.3d 602, 610, 613 (7th Cir. 2005); *Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005). And neither the Speedy Trial Act nor the Interstate Agreement on Detainers is applicable to probation-violation detainers. A petition to revoke probation is not an "indictment," "information," or "complaint" and does not lead to a "prosecution" or "trial," *see Carchman v. Nash*, 473 U.S. 716, 724–26 (1985), leaving Brown outside the plain language of either statute, *see* 18 U.S.C. § 3161(a)–(c) (establishing time limits for filing indictment or information and commencing trial); *Carchman*, 473 U.S. at 733–34 (concluding that plain language of Interstate Agreement on Detainers precludes application to probation-violation detainers); *Thomas*, 934 F.2d at 846 (observing that "[p]robation revocation hearings are not criminal prosecutions").

Finally, Brown notes that he gave copies of his motions to his lawyer and claims that his counsel was ineffective in disregarding these motions. But while federal probationers have a statutory right to counsel in revocation proceedings, 18 U.S.C. § 3006A(a)(1)(C); FED. R. CRIM. P. 32.1; *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006), this right is not grounded

in the Constitution and cannot support a claim of ineffective assistance unless a denial of counsel would have deprived the probationer of due process—as when the defendant colorably denies the alleged violations or makes a substantial argument in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *Eskridge*, 445 F.3d at 932–33; *United States v. Yancey*, 827 F.2d 83, 89–90 (7th Cir. 1987); *United States v. Stocks*, 104 F.3d 308, 311 (9th Cir. 1997). That was not the situation here, since even Brown concedes that his commission of new crimes while on probation made revocation a foregone conclusion, and a contention that he might have been able to fashion a mitigating justification for soliciting a murder or sexually assaulting children would be frivolous.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.