**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Debbie HILL, Defendant-Appellant.**

**No. 86–2172.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 23, 1987.

Decided July 22, 1987.

Jill D. Leka, Law Office of Curtis C. Crawford, St. Louis, Mo., for defendant-appellant.

Gerald D. Fines, U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Convicted of several drug offenses, Debbie Hill received a total of three years' imprisonment and five years' probation. We affirmed her conviction, *United States v. Keck*, 773 F.2d 759 (7th Cir.1985), and issued our mandate on October 9, 1985. Hill had until February 6, 1986, to file a motion under Fed.R.Crim.P. 35(b) for a reduction of sentence.

On February 28, 1986, Hill sent the district judge a letter asking what had become of her motion to reduce her sentence. The court did not have a record of any motion and directed Hill to furnish the court with a copy. Hill then hired a new attorney, who filed a motion under Rule 35 on May 7. The parties have assumed, as shall we, that Hill's first attorney did not file a motion, despite telling Hill he would.

██ The district court dismissed the second attorney's motion as untimely. Un-

timely it was, for Rule 35(b) grants only 120 days in which to file, and Fed.R. Crim.P. 45(b) forbids the enlargement of this period. The 120–day period is jurisdictional. *United States v. House,* 808 F.2d 508, 509 (7th Cir.1986); *Haase v. United States,* 800 F.2d 123, 129 (7th Cir.1986). Under a former version of Rule 35(b), the 120 days was a limit on the judge's power to reduce the sentence. *United States v. Kimberlin,* 776 F.2d 1344, 1346 (7th Cir. 1985); *Gaertner v. United States,* 763 F.2d 787 (7th Cir.1985). Now only the filing deadline is jurisdictional. Either way, Rule 45(b) establishes that the deadline is inflexible. See *United States v. Addonizio,* 442 U.S. 178, 189 & n. 17, 99 S.Ct. 2235, 2242–43 & n. 17, 60 L.Ed.2d 805 (1979) (dictum); *United States v. Robinson,* 361 U.S. 220, 224–25, 80 S.Ct. 282, 285–86, 4 L.Ed.2d 259 (1960) (dictum). See also *United States v. Jackson,* 802 F.2d 712, 714 (4th Cir.1986). Hill missed the deadline, and missing a jurisdictional deadline deprives the court of power to act. *Browder v. Director, Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Stelpflug v. Federal Land Bank,* 790 F.2d 47 (7th Cir.1986); *Bailey v. Sharp,* 782 F.2d 1366 (7th Cir.1986).

The most Hill can say is that her attorney was negligent, maybe even misled her. But neglect or misconduct by an attorney cannot give the court a power it lacks. An attorney who misses a statute of limitations does not thereby extend or toll the statute. And Rules 35(b) and 45(b) are not a simple statute of limitations; they limit the court's jurisdiction. Cf. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1132–35, 71 L.Ed.2d 234 (1982) (discussing the difference between jurisdictional and non-jurisdictional time limits). In *Robinson* the Supreme Court held that an attorney's "excusable neglect" could not justify extending the time within which to file a criminal appeal, which then was governed by the no-extension principle contained in Rule 45(b). *Robinson's* construction of Rule 45(b) controls, for that rule governs motions under Rule 35(b).

Occasionally the Supreme Court has held that a mistake by the judge or some other public official adds to periods of time despite inflexible rules. In *Fallen v. United States,* 378 U.S. 139, 143, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1964), for example, the Court held that a prisoner's notice of appeal was timely because entrusted to prison officials with time left over, even though the prison officials did not get the notice filed within the ten days. And in *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), a civil case, the Court concluded that if the district judge assures counsel that action by a particular date will be effective, counsel does not forfeit the appeal by acting on the advice he has received. These cases are not in robust health in light of intervening developments, on which see *Sonicraft, Inc. v. NLRB,* 814 F.2d 385, 387 (7th Cir.1987), and *Bailey,* 782 F.2d at 1369–74 (concurring opinion), but they never had much to offer Hill. The Supreme Court has not held or even hinted that a defendant's own neglect, or that of his lawyer, extends a jurisdictional time limit. We held in *Bailey* that a lawyer's failure to appreciate that a district court could not extend a time limit meant that the court's grant of an extension was ineffectual. Clients regularly are bound by the acts and omissions of their lawyers, *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 608–09 (7th Cir.1986); *Tolliver v. Northrop Corp.,* 786 F.2d 316, 319 (7th Cir.1986) (collecting cases), and must look to their lawyers rather than their adversaries for satisfaction. This is so in criminal as well as civil litigation. E.g., *Murray v. Carrier,* —— U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ Nothing changes if Hill's first attorney told her he had filed a motion. The principle that counsel cannot enlarge the court's jurisdiction still controls. Some courts treat a lawyer's dissembling about the filing of a notice of appeal from a conviction as ineffective assistance of counsel. Cf. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). They rectify this by turning the collateral attack into a belated appeal. Compare *Mack v. Smith,* 659 F.2d 23, 25–26 (5th Cir.1981), with *United States v. Winterhalder,* 724

F.2d 109 (10th Cir.1983). There is at least a conceptual difference between reviewing legal arguments as a remedy for a constitutional violation (ineffective assistance) and extending the time within which to file the notice of appeal. Ineffective assistance of counsel permits a court to vacate the judgment as a remedy; the power to set aside the judgment implies the lesser power to review claims of error and decide to leave the judgment alone. Rule 35(b), however, does not provide a remedy for wrongs; it simply offers the defendant an opportunity to ask the judge for lenity. Congress has repealed Rule 35(b) effective October 1, 1987, ending the defendant's right to request reduction of sentence without showing error in the existing judgment. Counsel's failure to file a motion under Rule 35(b) does not allow a prisoner to contend, in the language of 28 U.S.C. § 2255, that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence ... is otherwise subject to collateral attack". Because the absence of a Rule 35(b) motion does not call into question the judgment and sentence, there is no constitutional or statutory shortfall requiring a remedy, and therefore no occasion for a court to review the record as if such a motion had been filed in time.

We do not decide whether ineffective assistance in the prosecution of a timely Rule 35(b) motion permits some remedy. Compare *Voytik v. United States*, 778 F.2d 1306, 1310 (8th Cir.1985) (yes), with *United States v. Nevarez-Diaz*, 648 F.Supp. 1226, 1229 (N.D.Ind.1986) (no). Cf. *Pennsylvania v. Finley*, — U.S. —, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (no right to effective assistance of counsel in post-conviction proceedings). It is enough to conclude that failure to get the Rule 35(b) process under way is not the sort of defect for which § 2255 permits a court to supply a remedy. See also *Addonizio* (the "frustration" of a court's sentencing plan does not permit the court to grant collateral relief). A court without power on collateral attack to reduce the sentence cannot use the inevitability of such a collateral attack to extend an otherwise-fixed filing period in the principal case. If failure to file the motion extended the time within which to file, the no-extension directive of Rule 45(b) would be nugatory. Both the language of the Rule and the holding of *Robinson* convince us that the Rule has teeth.

AFFIRMED