**UNITED STATES of America, Appellee,**

v.

**John DOE, Defendant–Appellant.**

**No. 1905, Docket 96–1081.**

United States Court of Appeals, Second Circuit.

Argued Aug. 8, 1996.

Decided Aug. 21, 1996.

James O. Druker, Kase and Druker, Garden City (Paula Schwartz Frome, of counsel), for Defendant–Appellant.

Zachary W. Carter, U.S. Attorney, E.D.N.Y. (Susan Corkery, Eric D. Bernstein, of counsel), for Appellee.

Before MESKILL, CALABRESI, and PARKER, Circuit Judges.

PER CURIAM:

On June 24, 1992, Doe pleaded guilty to a one-count indictment charging him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. On November 6, 1992, the district court sentenced Doe to a sixteen-year term of imprisonment. After his guilty plea, Doe began to cooperate with the government. On October 18, 1993, the government filed a motion to reduce Doe's sentence under Fed.R.Crim.P. 35(b). Such a motion filed by the government within one year of the imposition of the original sentence allows the district court to reduce the sentence for substantial assistance rendered to the government after sentencing. The parties do not contest that Doe provided significant assistance, personally and through third-party intermediaries, both before the submission of the motion and for two years following it. On January 19, 1996, the court reduced Doe's sentence from sixteen to eleven years based on the 35(b) motion. Doe appeals the extent of that reduction.

The defendant's appeal raises a question of first impression in this circuit—whether an appeal from a 35(b) motion is

governed by 18 U.S.C. § 3742 (which confers limited appellate jurisdiction over appeals of otherwise final sentences) or by 28 U.S.C. § 1291 (which grants broad appellate jurisdiction over appeals of final decisions of district courts). We find that § 3742 applies. Because the defendant's appeal does not fall within the narrow appellate jurisdiction provided for by that statute, we dismiss the appeal for lack of jurisdiction.

As an initial matter, we note that other circuits have split on this issue. The First Circuit has held that § 1291 governs an appeal of a 35(b) motion, *United States v. McAndrews,* 12 F.3d 273 (1st Cir.1993), while the Fourth, Ninth, and Eleventh Circuits have held that § 3742 applies, *United States v. Pridgen,* 64 F.3d 147 (4th Cir.1995); *United States v. Arishi,* 54 F.3d 596 (9th Cir. 1995); *United States v. Chavarria–Herrara,* 15 F.3d 1033 (11th Cir.1994). The First Circuit rested its holding solely on the fact that "an order resolving a Rule 35(b) motion ... is not, properly speaking, a sentence," because "a sentence must already have been imposed before Rule 35(b) can be invoked and a sentence reduction contemplated." *McAndrews,* 12 F.3d at 277. The Eleventh Circuit, however, found the First Circuit's reasoning "unpersuasive," stating that: "We have noted before that modification of a sentence is part of the sentencing process." *Chavarria–Herrara,* 15 F.3d at 1035–36 (citation omitted).

Both positions are, in a literal sense, possible. We do not believe that the question of whether a reduction of a sentence under Rule 35(b) is a sentence or a judgment can be adequately resolved by analyzing its text in a vacuum. Our finding that § 3742 applies to appeals of Rule 35(b) motions is predicated instead on the similarity between Rule 35(b) and § 5K1.1 of the Sentencing Guidelines.

This circuit has found that "[t]he only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing: [§ 5K1.1] is based on substantial assistance before sentencing while [Rule 35(b) ] is based on substantial assistance after sentencing." *United States v. Gangi,* 45 F.3d 28, 30 (2d Cir.1995) (citation omitted). It is settled in this circuit that appeals of § 5K1.1 orders are governed by § 3742. *See United States*

*v. Lawal,* 17 F.3d 560, 562 (2d Cir.1994). We have been given no reason why Rule 35(b) motions should be governed by a different standard. On the contrary, allowing a 35(b) motion to be governed by the more lenient requirements of § 1291 would "have the deleterious effect of encouraging defendants to postpone their assistance to the Government to manipulate the timing of the motion in order to receive a more favorable standard of review." *Pridgen,* 64 F.3d at 149.

 Having determined that § 3742 applies, we must consider whether that statute's narrow grant of jurisdiction allows us to hear the appeal in the instant case. We have stated that a defendant's right of appeal is limited by § 3742 to cases in which the sentence imposed was "(1) in violation of the law; (2) a misapplication of the Guidelines; (3) an upward departure from the Guidelines; or (4) a plainly unreasonable penalty for an offense not included in the Guidelines." *Lawal,* 17 F.3d at 562; *see* 18 U.S.C. § 3742(a). The case before us does not fall under any of these exceptions.

Because we find that § 3742 governs appeals of 35(b) motions, and that the defendant's appeal does not fall within the limited jurisdiction conferred by § 3742, we dismiss the appeal for want of jurisdiction.