**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raynard McDOWELL, Defendant–Appellant.**

No. 96–3734.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1997.

Decided June 24, 1997.

Barry Rand Elden, Chief of Appeals, Colleen D. Coughlin (argued), Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Steven L. Popuch (argued), Swift, Popuch & Sinclair, Chicago, IL, for Defendant–Appellant.

Before FLAUM, EASTERBROOK, and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Rule 35(b) of the Federal Rules of Criminal Procedure empowers a district court, on motion of the government, to reduce a defendant's sentence in recognition of his assistance to the government following sentencing. In this case, the district court shaved twelve months off Raynard McDowell's origi-

nal sentence, but McDowell contends that the court was unduly parsimonious. Because it is unclear whether there was authority under Rule 35(b) to grant any reduction in McDowell's sentence, we remand to the district court.

## I.

On April 24, 1995, the district court sentenced McDowell to 233 months (twenty years less seven months) in prison. A drug supplier to the Gangster Disciples street gang, McDowell had pleaded guilty the previous February to possessing cocaine with intent to distribute and money laundering. Under the plea agreement in place between McDowell and the government, McDowell promised to "fully and truthfully cooperate ... in any matter in which he is called upon to cooperate" and "to provide complete and truthful information in any investigation and pre-trial preparation, and complete and truthful testimony, if called upon to testify." For its part, the government agreed to recommend a downward departure under section 5K1.1 of the Sentencing Guidelines to reflect McDowell's cooperation.

At the time of sentencing, McDowell had a mixed record as an informant. He had provided valuable information and put himself and his family at risk, particularly after his arrest on federal charges in December 1994; but he had also, before his arrest, used his role as a government collaborator to frame a Gangster Disciple member—an episode that severely limited his value as a prosecution witness. Based on this checkered history, the government recommended a departure under section 5K1.1 that would result in a sentence equal to eighty percent of the low end of the applicable guideline range. The district court accepted this recommendation and imposed the 233–month sentence.

After sentencing, McDowell continued to live up to his plea agreement by providing the government with information regarding one of his suppliers. On September 12, 1996, as a result of this cooperation, the government filed, along with McDowell, a joint motion for an additional downward departure pursuant to Rule 35(b). Although the government requested a departure of fifty-three months, the district court granted only a twelve-month reduction in McDowell's sentence, and did so with "great reluctance." McDowell now argues that the court abused its discretion by considering factors that had already been taken into account at his original sentencing hearing and by failing to reward him adequately for his post-sentencing assistance. The government asks us to hold that, to the extent McDowell's appeal rests on abuse-of-discretion grounds, we lack jurisdiction to hear it.

## II.

We begin with our appellate jurisdiction. The government maintains that our review of the district court's ruling is governed by 18 U.S.C. § 3742, which establishes limited appellate jurisdiction to review an "otherwise final sentence,"[1] rather than 28 U.S.C. § 1291, which grants jurisdiction over appeals from "final decisions of the district courts." Under section 3742(a), the courts of appeals generally lack jurisdiction to entertain a defendant's appeal from a district court's discretionary departure ruling rendered at sentencing. *See United States v. Sanchez–Estrada*, 62 F.3d 981, 989 (7th Cir.

---

1. Subsection (a) of § 3742 authorizes a defendant to appeal "an otherwise final sentence if the sentence—"

    (1) was imposed in violation of law;

    (2) was imposed as a result of an incorrect application of the sentencing guidelines; or

    (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than

the maximum established in the guideline range; or

    (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). *See generally United States v. Franz*, 886 F.2d 973, 977–81 (7th Cir. 1989) (discussing "incorrect application" prong). Subsection (b) incorporates similar limitations for appeals by the government, the chief difference being that subsection (b)(3) requires the challenged sentence to be "less than the sentence specified in the applicable guideline range." 18 U.S.C. § 3742(b)(3).

1995); *United States v. Johnson,* 997 F.2d 248, 252 (7th Cir.1993); *United States v. Poff,* 926 F.2d 588, 590–91 (7th Cir.1991); *Franz,* 886 F.2d at 977–81. Section 3742(a)(1) does, however, permit appeals of sentences "imposed in violation of law," and we have held that this provision applies, for example, where a district court mistakenly believed that it lacked authority to depart. *See Poff,* 926 F.2d at 591. The government argues that appeals of Rule 35(b) determinations should be limited to these same narrow grounds.

■ The government's position finds support in decisions of the Second, Fourth, Ninth, Tenth and Eleventh Circuits. *See United States v. McMillan,* 106 F.3d 322, 324 n. 4 (10th Cir.1997); *United States v. Doe,* 93 F.3d 67, 67–68 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 944, 136 L.Ed.2d 833 (1997); *United States v. Manella,* 86 F.3d 201, 202–03 (11th Cir.1996); *United States v. Arishi,* 54 F.3d 596, 597–99 (9th Cir.1995); *United States v. Pridgen,* 64 F.3d 147, 148–50 (4th Cir.1995); *United States v. Chavarria–Herrara,* 15 F.3d 1033, 1034–36 (11th Cir.1994); *United States v. Yesil,* 991 F.2d 1527, 1531 n. 4 (11th Cir.1992). The only federal court of appeals to have reached the opposite conclusion concerning the applicability of section 3742 was the First Circuit in *United States v. McAndrews,* 12 F.3d 273, 277–78 (1st Cir.1993), a case, like this one, involving a challenge to the extent of a Rule 35(b) reduction.

Those courts that have endorsed the government's position have offered a variety of rationales for applying section 3742 to appeals of Rule 35(b) determinations. This approach, the courts have explained, preserves the symmetry between Rule 35(b) and section 5K1.1 of the Sentencing Guidelines, the latter of which is subject to review under section 3742. It would be anomalous, in their view, to differentiate for appellate purposes between the two provisions, both of which

authorize reductions to reward a defendant's "substantial assistance." *See Doe,* 93 F.3d at 68. Another version of the symmetry argument maintains that the structure of section 3742 reflects congressional intent to ensure that "appellate review of sentences ... be available to the government on the same terms as to defendants," *Chavarria–Herrara,* 15 F.3d at 1035; *see also Arishi,* 54 F.3d at 598–99 (discussing *Chavarria–Herrara*); *Pridgen,* 64 F.3d at 149 ("[I]n enacting § 3742 and amending Rule 35(b) in the Comprehensive Crime Control Act of 1984, Congress clearly indicated that appeals from Rule 35(b) rulings should be governed by § 3742.").[2] It has also been suggested that "allowing a 35(b) motion to be governed by the more lenient requirements of § 1291 would 'have the deleterious effect of encouraging defendants to postpone their assistance to the Government to manipulate the timing of the motion in order to receive a more favorable standard of review.'" *Doe,* 93 F.3d at 68 (quoting *Pridgen,* 64 F.3d at 149).

■ None of these arguments necessarily carries the day, for symmetry is not always Congress' paramount objective. The jurisdictional issue presented here is first and foremost a question of statutory construction that must be answered, if possible, with reference to the language of section 3742. We believe that section 3742, by its plain language, applies to appeals such as this, in which a party challenges the extent of a sentence reduction granted pursuant to Rule 35(b).[3] In our view, the First Circuit's contrary conclusion, that "an order resolving a Rule 35(b) motion is not, properly speaking, a sentence," *McAndrews,* 12 F.3d at 277, is simply unsupportable. To take this case as an example: McDowell's original sentence was 233 months. After the district court's order granting a departure, his sentence was 221 months. By any definition, the court's order imposed a new sentence, and McDo-

---

**2.** If § 1291 were applied to appeals of Rule 35(b) rulings, only defendants, and not the government, could file such appeals. *See Chavarria–Herrara,* 15 F.3d at 1036 n. 3 (citing *United States v. Dean,* 752 F.2d 535, 540 (11th Cir. 1985)); *see also United States v. Horak,* 833 F.2d 1235, 1244, 1247–48 n. 10 (7th Cir.1987) (reject-

ing view that "section 1291 provides jurisdiction for government appeals of sentencing orders").

**3.** This case does not call upon us to determine the proper appellate treatment of outright denials of Rule 35(b) motions, and our holding today should not be read to address the question.

well's appeal of that order is an appeal from an "otherwise final sentence" within the meaning of section 3742.[4]

### III.

We thus lack jurisdiction to hear McDowell's claim that the district court abused its discretion by granting a reduction too paltry to reflect the value of his post-sentencing assistance to the government. But McDowell's appeal is not limited to this contention. McDowell also asserts that the court improperly considered factors it had already taken into account at his original sentencing, such as his planting of false evidence. He thereby alleges an error of law subject to our jurisdiction under section 3742(a). *See Manella,* 86 F.3d at 203. Nevertheless, we do not reach the merits of McDowell's claim, for the record before us indicates that the district court may have lacked authority even to consider the departure motion.

### A.

■ As amended in 1991, Rule 35(b) permits the district court, "on motion of the Government *made within one year after the imposition of the sentence*" (emphasis added), to reduce a sentence to reward a defendant's substantial post-sentencing assistance. The current version of the rule allows a certain amount of flexibility, for it does not require the court to *rule* on the government's motion within one year of sentencing. Nevertheless, Rule 35(b) unequivocally requires the government to make its motion within one year of sentencing. *See* Fed.R.Crim.P. 35(b) advisory committee notes to 1991 amendment ("The amendment requires the government to make its motion to reduce the sentence before one year has elapsed but

does not require the court to rule on the motion within the one year limit."). The only exception to this requirement is for situations in which "the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence." Fed. R.Crim.P. 35(b).

■ Neither party raised the timeliness issue, and the question arises whether we may overlook it, as we would a statute of limitations defense that had not been invoked below, or whether we must address the matter *sua sponte,* as in the case of a jurisdictional defect. We believe that Rule 35(b)'s timing requirement acts as a constraint on the district court's power to modify a previously imposed sentence and that it consequently may not be ignored by an appellate court, even when the parties have failed to raise it.

A number of opinions interpreting previous versions of Rule 35 have concluded that its time limits, at least with respect to filing, are jurisdictional in nature. *See United States v. Addonizio,* 442 U.S. 178, 189 & n. 16, 99 S.Ct. 2235, 2242–43 & n. 16, 60 L.Ed.2d 805 (1979); *United States v. Jumper,* 900 F.2d 800, 803 (5th Cir.1990) (version effective from 1985 to 1987); *United States v. Spilotro,* 884 F.2d 1003, 1007 (7th Cir.1989) (same); *United States v. Hill,* 826 F.2d 507, 507–08 (7th Cir.1987) (same); *Gaertner v. United States,* 763 F.2d 787 (7th Cir.1985) (pre–1985 version);· *see also United States v. Hayes,* 983 F.2d 78, 82 (7th Cir.1992) ("[W]e hold that the 1987 version of Rule 35(b) provides a district court with a reasonable amount of time within which to decide a timely filed motion to reduce a sentence.").[5] Although at

---

4. To the extent that our citation in *United States v. Lee,* 46 F.3d 674, 677 (7th Cir.1995), to the *McAndrews* opinion could be read as an endorsement of the First Circuit's position, we reject this reading. *Lee* did not, either implicitly or explicitly, decide the issue presented in this case. Although the *Lee* panel purported to rely on abuse-of-discretion grounds in overturning the district court's *denial* of a Rule 35(b) motion, *see* 46 F.3d at 681, it is clear that the panel's holding was premised on the view that the district court had denied the motion on improper grounds. Consideration of wholly improper factors is indeed

an abuse of discretion, but only by virtue of being an error of law.

5. In *Addonizio,* the Supreme Court noted that the 120-day time limit embodied in the old version of Rule 35 "is jurisdictional and may not be extended." 442 U.S. at 189, 99 S.Ct. at 2242–43. Following this lead, we adopted a literal interpretation of Rule 35 in *Gaertner,* rejecting the notion that district courts retained jurisdiction to rule on timely Rule 35 motions within a reasonable time following the deadline. *See* 763 F.2d at 797; *see also Kimberlin,* 776 F.2d at 1346. An interim version of Rule 35, effective August 1,

least one federal court of appeals has assumed that the requirements of the current Rule 35(b) restrict the district courts' power to modify a sentence, *see United States v. Morales,* 52 F.3d 7 (1st Cir.1995), to the best of our knowledge, no court has given the question considered treatment.

It might be questioned whether precedent addressing former versions of Rule 35(b) has any applicability to the Rule in its post–1991 incarnation. As we noted in *Hayes, Gaertner*'s holding, that a district judge's power to modify a sentence ended along with the Rule's (then) 120–day window, rested in part on the concern that judges "not usurp the function of the parole authorities in determining when an incarcerated defendant's progress in rehabilitation justifie[d] an early release from prison." *Hayes,* 983 F.2d at 81 (quoting *Gaertner,* 763 F.2d at 787) (internal quotations omitted). With the elimination of parole in the Sentencing Reform Act and, along with it, the danger of such inter-branch conflict, that rationale is no longer compelling. Moreover, unlike some "jurisdictional" deadlines, Rule 35(b)'s one-year rule is qualified by the exception for "information or evidence not known by the defendant until one year or more after imposition of the sentence." Thus, in certain cases (this case, for example), a district court would be required to conduct an inquiry, beyond a perusal of the docket sheet, to satisfy itself that it possessed authority to grant a Rule 35(b) motion.

Nevertheless, we believe that the general rule that the government must file a Rule 35(b) motion within one year of sentencing acts as a constraint upon the court's authority to grant such motions. While the danger for conflict between the executive and the judicial branches no longer looms large, an equally fundamental concern is at stake. As the Supreme Court noted in *Addonizio,* prior to the adoption of the Federal Rules, a district court had no power to revisit a sentence, at least after expiration of the term of court. *See* 442 U.S. at 189 n. 16, 99 S.Ct. at 2242–43 n. 16; *see also United States v. Robinson,* 361 U.S. 220, 226, 80 S.Ct. 282, 286, 4 L.Ed.2d 259 (1960) ("[T]he rules, in abolishing the limitation based on the Court Term, did not substitute indefiniteness, but prescribed precise times within which the power of the courts must be confined."). Further, Rule 45(b), Fed.R.Crim.P., includes Rule 35 among those rules under which "time for taking any action … [may not be extended] except to the extent and under the conditions stated in them." *See Robinson,* 361 U.S. at 228–29, 80 S.Ct. at 287–88 (noting that "mandatory and jurisdictional" Rule 6 of Civil Rules was prototype for Rule 45); *Hill,* 826 F.2d at 508 ("Rule 45(b) establishes that the deadline is inflexible."). The conclusion appears inescapable, then, that Rule 35(b) is an affirmative, but carefully circumscribed, grant of power. If, prior to 1987, a court's undelineated power to modify a sentence threatened to interfere with the parole commission's responsibilities, it is fair to reason that that same power (albeit exercised in conjunction with the executive) now carries the potential to undermine Congress' purpose, in eliminating parole, to guarantee greater finality at sentencing.

Our conclusion is buttressed by a practical consideration. Because only the government now may file Rule 35(b) motions, an interpretation of the Rule that permitted the government to "waive" the time limit would render the deadline ineffectual. Presumably, the government would never invoke the one-year rule to defeat its own motion; nor, for obvious reasons, would the defendant. It is

---

1985, overturned this interpretation. *See Hill,* 826 F.2d at 508 ("Now only the filing deadline is jurisdictional."). In *Hayes,* we applied the "reasonable time" rule to the 1987 version of Rule 35 enacted in the Sentencing Reform Act, even though the Act appeared to have eliminated the court's power to rule after expiration of the deadline. See Sentencing Reform Act of 1984, Pub. L. 98–473, § 215(b), 98 Stat. 2015–16; *Hayes,* 983 F.2d at 81–82. As amended by § 215(b), which became effective November 1, 1987, Rule 35(b) authorized the district courts to grant re- ductions within one year of sentencing. In addition, motions under Rule 35(b) could be made only by the government. The rule was amended once again in 1991 to allow courts to grant reductions after expiration of the one-year period, provided the government had filed a timely motion. In addition, the 1991 amendment added the exception for circumstances where the "defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of the sentence."

therefore difficult to conceive of a regime under which it would be the responsibility of the parties to monitor the government's compliance with Rule 35(b).

Consequently, we hold that a district court lacks the power to grant a Rule 35(b) motion where the government has not filed the motion within the one-year period and there is no indication that the exception to the one-year rule has been satisfied.

### B.

In the instant case, the government did not file the Rule 35(b) motion on behalf of McDowell until September 12, 1996, more than sixteen months after his initial sentencing. Yet the government made no effort to demonstrate that McDowell's post-sentencing assistance fell within the exception to the one-year limitation, nor did the district court make any finding to that effect. Moreover, the transcript of the hearing on the Rule 35(b) motion suggests that the assistance in question involved information known to McDowell at the time of his sentencing, if not shortly thereafter.[6] Because we cannot be sure, however, we believe the proper course is to remand this case to the district court. If the district court determines that it lacked authority to entertain the Rule 35(b) motion, it shall vacate the twelve-month departure.[7]

The case is REMANDED for proceedings consistent with this opinion.

---

6. At the hearing, held *in camera*, the government explained the basis for the motion: "After the sentencing—well, actually before and after, and continuing up until I think we had last contact with Mr. McDowell about a month ago, he has continued to provide evidence in an ongoing investigation...."

7. The First Circuit has adopted a non-literal reading of Rule 35(b), under which a defendant's failure to provide information within one year will satisfy the exception if the defendant "was not asked [about the information], or was otherwise unaware of its value." *See Morales*, 52 F.3d at 8. At this juncture, we decline either to endorse or to reject this expansive construction.