142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Paul HOTCHKISS, Defendant-Appellant.
 No. 97-2388.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 3, 1998.
Decided March 12, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 95-CR-0063-C-03, Barbara B. Crabb, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Paul Hotchkiss, an inmate at the Federal Correctional Institution in Waseca, Minnesota, filed a pro se notice of appeal challenging his resentencing pursuant to the government's motion to reduce his sentence under Federal Rule of Criminal Procedure 35 Hotchkiss's appellate counsel thereafter filed a brief stating that there were no nonfirivolous grounds for appeal and requested this court to allow him to withdraw as counsel and to dismiss the appeal Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); United States v. Edwards, 777 F.2d 364, 365-66 (7th Cir.1985) (per curiam). Hotchkiss was given notice of his counsel's motion pursuant to Circuit Rule 51(a), but failed to respond. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Following his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, Hotchkiss was sentenced to 240 months' imprisonment and five years' supervised release. During his first debriefing by the government, Hotchkiss provided information that later proved useful in securing an indictment against other individuals and in obtaining guilty pleas. After his conviction and sentencing, the government filed a Rule 35 motion for reduction of Hotchkiss's sentence based on his substantial assistance to the government.
 
 
 3
 At the resentencing hearing, the district court found that Hotchkiss's cooperation appeared to be within the range of "ordinary cooperation, [t]hat is, giving information that helps the government bring cases against other participants in the same conspiracy." The district court reduced Hotchkiss's total offense level by three levels (from 36 to 33), which when paired with his criminal history category of III gave him a sentencing range of 168 to 210 months. The district court resentenced Hotchkiss to 172 months' imprisonment, but did not disturb the judgment and commitment order in any other respect.
 
 
 4
 Hotchkiss was represented by his trial counsel, Earl Gray, at the resentencing hearing. However, Mr. Gray informed Hotchkiss at the hearing that he would not file a notice of appeal from the district court's order granting the sentencing reduction. Consequently, Hotchkiss filed a pro se notice of appeal. We permitted Mr Gray to withdraw and allowed Hotchkiss to proceed pro se on appeal. Hotchkiss subsequently filed a motion for appointment of counsel on appeal, and we appointed Roddy Rogahn as appellate counsel.
 
 
 5
 Mr. Rogahn filed an Anders brief explaining that in light of our recent decision in United States v. McDowell, 117 F.3d 974 (7th Cir.1997), we lacked jurisdiction to review a challenge to a district court's downward departure pursuant to a Rule 35 motion Counsel noted that the First Circuit was the only circuit court to reach a contrary conclusion, United States v. McAndrews, 12 F.3d 273 (1st Cir.1992), and that McDowell expressly rejected the First Circuit's approach 117 F.3d at 977. Hotchkiss did not file a response to his attorney's brief Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997) (per curiam), United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996).
 
 
 6
 We agree with counsel's observation that any challenge to the district court's departure is unreviewable because our review of the district court's departure is governed by 18 U.S.C. § 3742, which does not confer jurisdiction to review a defendant's appeal of a discretionary departure ruling at sentencing. According to § 3742(a), our review of a sentence is limited to cases in which "an otherwise final sentence".
 
 
 7
 (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the sentencing guidelines, or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range, or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable
 
 
 8
 18 U.S.C. § 3742(a).
 
 
 9
 In McDowell, we held that § 3742 is the proper vehicle for appealing a sentence reduction granted pursuant to Rule 35(b), but that we lack jurisdiction under § 3742(a) to hear a defendant's appeal from a district court's discretionary departure decision at sentencing. McDowell, 117 F.3d at 976-78. Consequently, we would lack jurisdiction to review any claim by Hotchkiss that the district court "abused its discretion by granting a reduction too paltry to reflect the value of his post-sentencing assistance to the government." Id. at 978.
 
 
 10
 For the foregoing reasons, any appeal by Hotchkiss would be frivolous. Accordingly, we GRANT Mr. Rogahn's request to withdraw as counsel and DISMISS the appeal as meritless.