RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0112P (6th Cir.)
File Name: 03a0112p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

 *v.*     No. 01-2357

TIMOTHY MORAN,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 98-00211—Robert Holmes Bell, Chief District Judge.

Argued: December 6, 2002

Decided and Filed: April 14, 2003

Before: BOGGS, SILER, and GIBBONS, Circuit Judges.

_____

### COUNSEL

**ARGUED:** William L. Fette, Kalamazoo, Michigan, for Appellant. Barbara Colby Tanase, ASSISTANT UNITED STATES ATTORNEY, Lansing, Michigan, for Appellee. **ON BRIEF:** William L. Fette, Kalamazoo, Michigan, for Appellant. Barbara Colby Tanase, ASSISTANT UNITED STATES ATTORNEY, Lansing, Michigan, for Appellee.

1

_____

### OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. Defendant-appellant Timothy Moran pled guilty to a federal drug charge. After sentencing, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35(b) to reduce Moran's sentence by thirty-eight months because he had offered substantial assistance to the government. The district court granted the government's motion, but reduced Moran's sentence by only eighteen months. Moran appeals, claiming that the district court abused its discretion by not granting the full reduction sought by the government. Because 18 U.S.C. § 3742(a) governs in this case, we lack jurisdiction to review the extent of the district court's downward departure. Accordingly, we dismiss the appeal for lack of jurisdiction.

On April 14, 1999, appellant Timothy Moran pled guilty to a charge of conspiracy to distribute and to possess with intent to distribute one kilogram or more of methamphetamine, in violation of 21 U.S.C. § 846. Moran's total offense level was 31, and his criminal history category was I. On July 16, 1999, Moran was sentenced to 108 months imprisonment, the minimum under the Sentencing Guidelines. The government did not make a motion under U.S.S.G. § 5K1.1 at that time.[1] In response to a question from the court at sentencing, the government stated that Moran had been cooperating and that it anticipated filing a Rule 35(b) motion in the future. Rule 35(b) is a mechanism for reducing an offender's sentence if

_____

[1] U.S.S.G. § 5K1.1 states that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

the offender has substantially assisted the government after sentencing.[2]

On July 12, 2000, the government filed a motion to reduce Moran's sentence, pursuant to Rule 35(b). The government filed a supplemental motion on May 25, 2001, also asking the district court to reduce Moran's sentence based on his substantial assistance to the government. In it, the government sought a four-level departure and a sentence at the low end of the resulting Guideline range. If the district court had followed both of the government's recommendations, Moran would have received a sentence of seventy months imprisonment. Moran filed a lengthy brief in support of the government's motion, but also arguing that a greater reduction should be granted for a variety of reasons, including what he characterized as disproportionality between his sentence and the sentences received by his co-defendants. Moran also requested a hearing. On June 29, 2001, the district court granted the government's motion and entered an amended judgment that reduced Moran's sentence from 108 months to ninety months imprisonment, a sentence below the Guideline range. On July 30, 2001, Moran filed a motion for reconsideration of the extent of the reduction, in which the government concurred. The district court denied the motion for reconsideration on August 13, 2001, stating that Moran had "failed to convince the Court that its prior ruling . . . was erroneous." Moran filed a timely notice of appeal.

The issue on appeal, one of first impression in the Sixth Circuit, is whether 18 U.S.C. § 3742(a), which defines the circumstances under which a defendant may appeal an "otherwise final sentence," precludes this court's jurisdiction to review a defendant's appeal of a district court's reduction

---

[2]Rule 35(b) provides that, upon the government's motion made within one year of sentencing, the district court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person and if reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

of his sentence pursuant to Rule 35(b). We hold that the district court's reduction of Moran's sentence under Rule 35(b) is a "sentence," such that 18 U.S.C. § 3742(a) applies. Because Moran's appeal does not fall within the narrow appellate jurisdiction provided for in 18 U.S.C. § 3742(a), we dismiss the appeal for lack of jurisdiction.

According to 18 U.S.C. § 3742(a), a defendant may appeal an "otherwise final sentence" if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable. Under this statute, defendants cannot appeal district courts' reductions of their sentences. *United States v. McDowell*, 117 F.3d 974, 976 (7th Cir. 1997); *United States v. McMillen*, 106 F.3d 322, 324 n.4 (10th Cir. 1997); *United States v. Doe*, 93 F.3d 67, 68 (2d Cir. 1996). Moran contends, however, that § 3742 has no bearing on this case, and that this court's jurisdiction is based on a broader jurisdictional statute, 28 U.S.C § 1291, which permits review of "all final decisions" of the district courts.

There is no previous published Sixth Circuit opinion that addresses the jurisdictional question presented here. In an unpublished opinion, this court assumed that 18 U.S.C. § 3742 applied to defendants' appeals from sentence reductions, holding that "[t]o the extent that . . . [the defendant] disagrees with the extent of the sentence reduction, this court lacks jurisdiction to consider his argument." *United States v. Blackburn*, No. 00-5502, 2000 WL 1679512, at *1 (6th Cir. Nov. 3, 2000).[3] The majority of circuits that have addressed the issue agree that jurisdiction over an appeal of a district court's determination of a Rule 35(b) motion is

---

[3]In another unpublished opinion, this court noted that most circuits agree that 18 U.S.C. § 3742(a) governs the appealability of Rule 35(b) decisions, but declined to rule on the issue itself. *United States v. Mullins*, Nos. 95-6554 & 95-6555, 1997 WL 63149, at *5 (6th Cir. Feb. 12, 1997).

governed by 18 U.S.C. § 3742. *McDowell*, 117 F.3d at 977; *McMillen*, 106 F.3d at 324 n.4; *Doe*, 93 F.3d at 68; *United States v. Arishi*, 54 F.3d 596, 599 (9th Cir. 1995); *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1034-35 (11th Cir. 1994).

Only the First Circuit has held otherwise, determining that an order resolving a Rule 35(b) motion is "not, properly speaking, a sentence." *United States v. McAndrews*, 12 F.3d 273, 277 (1st Cir. 1993). In *McAndrews*, the First Circuit determined that 28 U.S.C. § 1291 governed an appeal of a district court's ruling on a Rule 35 motion, and that 18 U.S.C. § 3742(a) was not applicable. It stated that this analysis "accords with the general principle . . . that rulings disposing of motions which seek to alter preexisting judgments are appealable." *Id.* Moran urges this court to adopt the reasoning found in *McAndrews*.

We conclude, however, that the reasoning found in *McAndrews* conflicts with the rule of statutory construction that the words in a statute are assumed to bear their "ordinary, contemporary, common meaning." *United States v. Wade*, 266 F.3d 574, 580 (6th Cir. 2001), *cert. denied*, 535 U.S. 964 (2002). As the Seventh Circuit explained in *McDowell*:

> [Section] 3742, by its plain language, applies to appeals . . . in which a party challenges the extent of a sentence reduction granted pursuant to Rule 35(b). In our view, the First Circuit's contrary conclusion, that "an order resolving a Rule 35(b) motion is not, properly speaking, a sentence," *McAndrews*, 12 F.3d at 277, is simply unsupportable. To take this case as an example: McDowell's original sentence was 233 months. After the district court's order granting a departure, his sentence was 221 months. By any definition, the court's order imposed a new sentence, and McDowell's appeal of that order is an appeal from an "otherwise final sentence" within the meaning of section 3742.

117 F.3d at 977-78. The same analysis applies in this case. When the district court issued the "Amended Judgment of

Conviction" replacing Moran's original sentence with a shorter sentence, it effectively imposed a new sentence on him. A district court's ruling on a Rule 35(b) motion thus "fall[s] within the common sense meaning of an 'otherwise final sentence.'" *United States v. Manella*, 86 F.3d 201, 202-03 (11th Cir. 1996). Accordingly, Moran is appealing his sentence, and this appeal is properly governed by 18 U.S.C. § 3742.

In considering whether Moran's appeal is governed by § 3742(a), we also note the similarity between Rule 35(b) and U.S.S.G. § 5K1.1. Rule 35(b) allows the government to move for a reduction in sentence based on substantial assistance to the government after sentencing, and U.S.S.G. § 5K1.1 provides for a similar motion based on substantial assistance before sentencing. It is settled in the Sixth Circuit that appeals of § 5K1.1 orders are governed by § 3742. *United States v. Dellinger*, 986 F.2d 1042, 1044 (6th Cir. 1993). Given the similarity between § 5K1.1 and Rule 35(b), it would be anomalous to treat appeals of judgments resolving the two motions differently. In *United States v. Doe*, the Second Circuit stated:

> This circuit has found that the only practical difference between Rule 35(b) and U.S.S.G. 5K1.1 is a matter of timing: § 5K1.1 is based on substantial assistance before sentencing while Rule 35(b) is based on substantial assistance after sentencing. . . . It is settled in this circuit that appeals of § 5K1.1 orders are governed by § 3742 . . . . We have been given no reason why Rule 35(b) motions should be governed by a different standard. On the contrary, allowing a 35(b) motion to be governed by the more lenient requirements of § 1291 would have the deleterious effect of encouraging defendants to postpone their assistance to the Government to manipulate the timing of the motion in order to receive a more favorable standard of review.

93 F.3d at 68 (internal quotations and citations omitted); *see also* Congressional History, S. Rep. No. 225, 98th Cong., 2d

Sess. 158 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3341 (Rule 35 amended "in order to accord with the provisions of proposed section 3742 of Title 18 concerning appellate review of sentence.").

The resolution of the jurisdictional question precludes further inquiry. Because § 3742(a) applies, Moran may not appeal the extent of the downward departure granted by the district court in his favor. *United States v. Gregory*, 932 F.2d 1167, 1168-69 (6th Cir. 1991) (holding that the extent of a district court's downward departure for substantial assistance is not reviewable at the defendant's request).

Moran concedes that "he [can] not argue about the extent of the district court's reduction of his sentence if 18 U.S.C. [§] 3742 applie[s] because controlling Circuit authority is clear that this Court has no jurisdiction over such an appeal." He argues, however, that the statute "permits a complaint about an abuse of discretion." As noted, § 3742(a)(1) permits a defendant to appeal a final sentence that was imposed in violation of the law. This provision has applied to cases in which the district judge decided that it lacked discretion, as a matter of law, to depart downward. *Dellinger*, 986 F.2d at 1044. Here, however, the district court recognized and exercised its discretion, granting an 18-month downward departure.

In an attempt to bring this case within the court's jurisdiction, Moran points to various other factors he considers abuses of discretion, none of which amounts to his sentence being "imposed in violation of law." Specifically, Moran contends that the district court abused its discretion in three ways: (1) the district court "routinely ignored" the government's recommendations in this and other cases; (2) the district court failed to hold a hearing on the Rule 35(b) motion; and (3) the district judge stated at sentencing that if Moran continued to cooperate, the judge had the authority to reward that cooperation with a sentence reduction. None of these alleged abuses constitutes a "violation of law," however. First, the district court clearly did not "ignore" the

government's recommendation. Rather, the court considered Moran's substantial assistance and granted him an eighteen-month reduction because of it. The district court's rulings in other cases are not part of the record and are not properly considered here. Second, district courts are not required to hold hearings on Rule 35(b) motions. *McAndrews*, 12 F.3d at 279 (holding that a district court's refusal to hold a hearing on the government's Rule 35(b) motion was not error, even under the broader abuse of discretion standard). Third, it was not improper for the district court to inform Moran of its authority to reward him later for his continued cooperation. Although this court held in *United States v. Bureau*, 52 F.3d 584, 595 (6th Cir. 1995), that it would be improper for the district court to refrain from exercising its discretion in ruling on a § 5K1.1 motion in order to induce the defendant's continued cooperation, in this case the government never filed a § 5K1.1 motion and the district court did not withhold its discretion at any time in order to induce Moran to cooperate.

Moran also devotes much of his brief to arguing that his departure was unfair in light of the more lenient sentences granted to the co-conspirators he helped convict. The Eighth Circuit, facing a similar claim, correctly determined that it lacked jurisdiction to review the extent of downward departures granted for assistance to the government, even though greater departures were granted to the defendant's co-conspirators. *United States v. Albers*, 961 F.2d 710, 712 (8th Cir. 1992).

Because 18 U.S.C. § 3742(a) governs this appeal and Moran has not raised any colorable argument that his sentence was imposed in violation of law, there is no jurisdictional basis for this court to review the district court's grant of a sentence reduction in his case. Therefore, Moran's appeal is dismissed.