**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 20, 2007*
Decided October 2, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** JOEL M. FLAUM, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

| | |
|---|---|
| **No**. 07-2124 | Appeal from the United States District Court for the Western District of Wisconsin, |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 05 CR 45 |
| CANDACE R. RADERMACHER, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**Order**

After Candace Radermacher began to serve her sentence of 360 months' imprisonment, the United States sponsored a reduction on account of substantial assistance that Radermacher had provided. See Fed. R. Crim. P. 35(b). The district judge reduced her sentence to 188 months, and she contends on this appeal that the reduction should have been greater.

As we held in *United States v. McDowell*, 117 F.3d 974, 977 (7th Cir. 1997), a

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

defendant has no legal entitlement to a favorable exercise of discretion on a motion under Rule 35(b), and there is accordingly no appellate jurisdiction to review the amount of the reduction.

The United States proposed a reduction equivalent to 5 levels below level 43, which had been the offense level calculated at sentencing. The district court concluded that Radermacher's assistance was worth 7 levels rather than 5 and recalculated a sentencing range of 188 to 235 months for a level 36 offense, then selected the bottom of that range. Radermacher argues that the judge should have subtracted 7 from 42 rather than 43 levels, because by imposing the 360-month sentence the judge already had deducted 1 level (for level 43's guideline is life imprisonment). The judge responded that she had not changed Radermacher's level when imposing the 360-month sentence but had simply given a below-Guideline sentence.

How best to characterize what happened when Radermacher was sentenced is irrelevant, however. Whether the judge deducted 6 levels (starting at 42), or 7 (starting at 43), does not affect any of Radermacher's legal rights. Either 6 or 7 exceeds the prosecutor's proposal of a 5-level benefit, and defendants don't have any right even to what the prosecutor proposes. The district judge would have been entitled to reject the prosecutor's proposal altogether, or to reduce the sentence by a single month, without violating any rule of law. An argument that the actual 172-month reduction is "too little" is not a colorable legal claim, and appellate judges are not entitled to substitute their discretion for the district judge's.

The appeal is dismissed for want of jurisdiction.