**UNITED STATES of America,**

v.

**Derrick Ronard GIBBS, Defendant.**

**No. CRIM.5:98CR192–V.**

United States District Court,
W.D. North Carolina.
Statesville Division.

June 3, 2003.

Gretchen C.F. Shappert, Esq., U.S. Attorney's Office, Charlotte, NC, for U.S.

### ORDER

RICHARD L. VOORHEES, District Judge.

**THIS MATTER** is before the Court on Defendant's "Motion to Compel Government for Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3553(e) and Rule 35(b) Federal Rules of Criminal Procedure," filed May 2, 2003. The Government did not file a Response, and Defendant's Motion is now ripe for disposition.

Defendant was indicted on July 6, 1998, and, on November 5, 1998, entered a straight up plea on the count of conspiracy to possess with intent to distribute and distribution of a quantity of cocaine and cocaine base within one thousand feet of a playground, a violation of 21 U.S.C. § 846. During sentencing on April 29, 1999, the Government requested a downward departure for Defendant's substantial assistance, which this Court granted. The Court granted the Government's request and sentenced the Defendant to one hundred sixty-eight (168) months imprisonment. Judgment was entered May 26, 1999.

Then, on August 23, 2002, the Government requested a further downward departure of Defendant's sentence, which this Court granted on September 4, 2002, reducing Defendant's sentence from one hundred sixty-eight months imprisonment to one hundred forty-four (144) months imprisonment, with all other terms remaining the same. Both the Government's Motion and this Court's Order were filed *UNDER SEAL*.

Defendant now asks this Court to further reduce his sentence, arguing that the Government verbally promised him a further downward departure, which he has not yet received. Defendant maintains that the twenty-four month reduction requested by the Government and granted by the Court is insufficient for the magnitude of assistance he provided. In support of his request, Defendant cites Title 18, United States Code, Section 3553(e) and Rule 35(b) of the Federal Rules of Criminal Procedure.

■ Title 18 of the United States Code, Section 3553(e) provides, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e) (2003). This language clearly permits a court to reduce a defendant's sentence on the basis of substantial assistance *if so requested by the Government*. Moreover, a Section 3553(e) motion must be made prior to the imposition of sentence. *See* 18 U.S.C. § 3553. In the instant case, Defendant is asking for a reduction in his sentence pursuant to Section 3553(e) well after judgment was entered, and such request was not made by the Government. Therefore, the Court has no authority to make such a reduction under Title 18, United States Code, Section 3553(e).

■ Moreover, Defendant asks for further reduction of his sentence pursuant to Rule 35(b). According to the Federal Rules of Criminal Procedure, only the Government may bring a Rule 35 motion for a reduction of sentence. Fed.R.Crim.P. 35(b); *United States v. Hayes*, 983 F.2d 78, 81 (7th Cir. 1992); *see also United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir.1998), *cert denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000); *United States v. Fraley*, 988 F.2d 4, 6 (4th Cir.1993). Additionally, the Government may bring a Rule 35 motion in limited circumstances, which include that the defendant provide substantial assistance one year or more after the sentence is imposed and that the information provided was not available to the defendant until one year or more after sentencing. *See* Fed.R.Crim.P. 35(b).

The Government, not a defendant or the Court, makes the initial determination as to whether a defendant has provided substantial assistance after sentencing. Moreover, the limited circumstances in which the Court is

permitted to make inquiry into the Government's failure to file a Rule 35 motion do not exist in this case.[1] Further, the Government has already requested, and the Court granted, a Rule 35 downward departure in this case. After reviewing the facts in this case, this Court finds there is no basis for further reduction of Defendant's sentence in the absence of another such request by the Government.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Compel Government for Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3553(e) and Rule 35(b) Federal Rules of Criminal Procedure," is hereby **DENIED**.

---

1. *See Wade v. United States,* 504 U.S. 181, 183, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (permitting a court to inquire into the Government's refusal to file a Rule 35 motion only where a defendant has made a threshold showing that the Government's failure to file is (1) in breach of an obligation under the plea agreement; or (2) either based on an unconstitutional motive or not rationally related to any Governmental end).