NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  06a0464n.06
Filed:  June 30, 2006

No. 05-2373

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED STATES |
| v. | ) | DISTRICT COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| ANTHONY JOSEPH ZERILLI, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

---

BEFORE:  SUHRHEINRICH and GRIFFIN, Circuit Judges; and SPIEGEL, District Judge.[*]

PER CURIAM.

Defendant Anthony Joseph Zerilli appeals his seventy-one month sentence imposed following a jury verdict finding him guilty of  two counts of RICO conspiracy in violation of 18 U.S.C. § 1962(d) and § 1963, and five counts of extortion or extortion conspiracy in violation of 18 U.S.C. § 1951(a).  Zerilli contends that his sentence is unreasonable and that the district court erred by failing to fully take his particular health conditions into account when considering the sentencing factors enumerated in 18 U.S.C. § 3553(a).

We disagree and affirm.

---

[*]The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

I.

Defendant Zerilli was first indicted on March 14, 1996, along with sixteen co-defendants, for twenty-five criminal counts alleging that defendant was part of a conspiracy and RICO enterprise that was responsible for extortion of money from bookmakers, attempted illegal control of Nevada casinos, and other criminal acts. Although trial began in February of 1998, defendant was thereafter severed from his co-defendants for health reasons.

As a result of this court's opinion in *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998),[1] the original indictment against defendant was dismissed and, in January 1999, a grand jury returned a First Superceding Indictment which charged defendant and others with the same RICO conspiracy charges (Counts One and Two), a Hobbs Act conspiracy (Count Three), and several substantive Hobbs Act extortions (Counts Four - Eight). On August 19, 2002, a jury convicted Zerilli on all of the counts except one of the substantive extortions (Count Eight).

The district court determined Zerilli's Guideline offense level at thirty-six and Criminal History Category I, resulting in a Guideline range of 188-235 months. The district court, however, granted Zerilli a ten-level downward departure, based on age and health, with a resulting Guideline range of 63-78 months. As a result of this departure, the district court sentenced defendant to

---

[1] In *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998), this court invalidated the method used to select the grand jury that indicted the defendant.

seventy-one months incarceration on all counts, to run concurrently, a three-year term of supervised release, and a forfeiture of $234,300.

On April 13, 2005, this court affirmed defendant's conviction on all counts, but remanded the case for resentencing in light of the intervening decision, *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Zerilli*, 128 F. App'x 473 (6th Cir. 2005). At resentencing, defendant requested that the court lower his sentence, citing his increased age, his worsened medical condition, and his complaints about the medical care he received while in prison. The district court declined to adjust the sentence any further, and proceeded to resentence defendant to the same length of time.

This timely appeal followed.

## II.

At the outset, a threshold exists, as raised by the government, regarding whether we have jurisdiction to hear this appeal. Specifically, the government contends that 18 U.S.C. § 3742(a), a statute of limited jurisdiction, prevents us from addressing Zerilli's appellate contentions. This argument lacks merit.

"According to 18 U.S.C. § 3742(a), a defendant may appeal an 'otherwise final sentence' if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable." *United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003) (quoting 18 U.S.C. § 3742)). In this case, Zerilli challenges his sentence based on the second prong of the above factors;

namely, that his sentence was imposed as a result of an incorrect application of the sentencing guidelines. Accordingly, we may properly consider Zerilli's appeal.

III.

In his sole argument on appeal, Zerilli contends that his seventy-one month sentence is unreasonable in light of his age, his worsened health condition, and the medical facilities available in prison. In particular, Zerilli asserts that, although the district court considered his health by "fashioning a downward departure at the first sentence as part of a guideline determination," the court did not, upon resentencing, adequately review his current state of health, nor the ability of the Bureau of Prisons ("BOP") to care for him.

"[W]hen a defendant challenges a district court's sentencing determination, [this court is] instructed to determine 'whether [the] sentence is unreasonable.'" *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 261 (2005)) (third alteration in original), *cert. denied*, – U.S. – , 126 S. Ct. 1110 (2006). Challenges to the application of the Sentencing Guidelines have been roughly divided into two categories: (1) allegations of procedural unreasonableness; i.e., the failure of a court to adequately consider the sentencing factors enumerated by § 3553(a), and (2) the unreasonableness of the sentence imposed; i.e., the district court placed undue weight on one particular factor, which resulted in an unreasonable sentence. *See United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006). In this case, Zerilli's challenge

falls in the former category; indeed, he asserts that the district court failed to provide the requisite analysis pursuant to § 3553(a)(1)(D).[2]

Title 18 U.S.C. § 3553(a) requires a district court to consider, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant. Although, undoubtedly, a district court's discussion of specific § 3553(a) factors facilitates appellate review, "'this court has never required the "ritual incantation" of the factors to affirm a sentence.'" *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)); *accord, e.g.*, *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005) ("The court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review."). This court therefore reviews challenges for procedural unreasonableness on a case-by-case basis, *see United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006), during which we must be capable of engaging "in a meaningful reasonableness review of federal criminal sentences in accordance with Booker[,]" *Jackson*, 408 F.3d at 305.

Here, during the first sentencing of defendant, the district court issued a fifty-five page opinion, during which the court carefully discussed the age and degenerating health of the defendant and, accordingly, granted a ten-level downward departure from the advisory Guidelines range. Upon resentencing, the district court specifically referenced its earlier consideration of Zerilli's

---

[2]Title 18 U.S.C. § 3553(a)(1)(D) requires a district court to consider whether the need for the sentence imposed provides the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" *Id*. § 3553(a)(1)(D).

medical history, noting that "[t]he reasons for the departure are contained in pages 35 through 45 roughly of that Opinion . . . based on the defendant's health and the defendant's age." Thus, "I have already taken into consideration the defendant's health and his age and I have cut from that sentence 117 months or 9.75 years . . . a generous reduction."

Based on the foregoing discussion by the district court and the extensive briefings filed by Zerilli prior to sentencing, the district court was obviously aware of Zerilli's age and current state of health when it fashioned his second, identical sentence. In addition to this specific acknowledgment, the district court expressly considered several other § 3553(a) factors upon resentencing, including: (1) the applicable advisory guideline range; (2) the defendant's age and health; (3) a forfeiture order of $234,300; (4) a special assessment; and (5) where Zerilli should serve his sentence.

Thus, given that the district court considered the recommended Guidelines range, subsequently granted a downward departure from that range, and adequately considered the § 3553(a) factors, Zerilli's sentence was not unreasonable.

Affirmed.