CLAY, Circuit Judge,
dissenting.
The district judge in this case failed to respond to Defendant’s primary argument that Defendant should have received a lower sentence based on his cooperation with the government. The majority attempts to respond to that argument by discussing what occurred at the first sentencing, but it is only the second sentencing hearing which is the subject of this appeal. Regardless, at neither sentencing hearing did the district judge properly address Defendant’s argument that his cooperation should merit a downward variance below what he might be entitled to based on the government’s § 5K1.1 motion. Because it is well-established in this Circuit that a sentencing judge must respond to all non-frivolous arguments raised by the Defendant at sentencing, I respectfully dissent.
A sentencing judge commits a procedural error when he fails to address a nonfriv-olous argument made by the defendant in support of a lower sentence. United *702 States v. Blackwell, 459 F.3d 739, 774 (6th Cir.2006) (“the black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant”); see also United States v. Gapinski, 561 F.3d 467, 474 (6th Cir.2009) (“[T]he record must reflect both that the district judge considered the defendant’s [nonfrivolous] argument and that the judge explained the basis for rejecting it.”); United States v. Vonner, 516 F.3d 382, 388-89 (6th Cir.2008) (en banc) (the district judge has a duty to consider each relevant factor in sentencing); United States v. Richardson, 437 F.3d 550, 554 (6th Cir.2006) (if “defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it”); accord United States v. Studabaker, 578 F.3d 423, 430-31 (6th Cir.2009) (the district court must consider on the record all relevant § 3553(a) factors and all nonfrivolous arguments from both parties).
The district court granted the government’s § 5K1.1 motion for a 20% reduction in Defendant’s sentence due to his cooperation, which was accompanied by a sparse explanation for why that amount of departure was appropriate in this case. The majority seems to find that ruling sufficient to conclude that the district court considered, and explained its reasons for rejecting, Defendant’s separate argument that his cooperation justified an even more significant downward variance. But, as the majority notes, “the district court did not say this explicitly,” which is a procedural error under the law of this Circuit. (Maj. Op. at 700 n. 1). While our review in this case is for plain error, Defendant’s primary argument for a lower sentence was based upon Defendant’s cooperation with the government, and the. record reflects that the district judge failed to address, after considering the government’s § 5K1.1 motion, whether Defendant’s cooperation should have resulted in an additional variance under § 3553(a).
Likewise, the fact that the district court may have engaged in some discussion of Defendant’s cooperation at the first sentencing hearing does not relieve the sentencing judge of the requirement to make a complete record in explaining the sentence imposed at the second sentencing hearing. The majority’s argument that “the same district court sentenced Malloy both times, meaning that it considered the § 3553(a) factors twice in Malloy’s case,” does not support the dubious contention that the district court need not give an explanation of its weighing of Defendant’s cooperation at the second sentencing. (Maj. Op. at 700). It is the second sentencing hearing that we review in connection with this appeal, not the first. Wfliile it may sometimes be appropriate for the district judge at a second sentencing hearing to incorporate by explicit reference the findings made at a prior sentencing hearing, the district judge made no such explicit incorporation in this case. See e.g., United States v. Zerilli, 187 Fed.Appx. 529, 532 (6th Cir.2006) (upholding sentence where district judge explicitly referenced findings made in first sentencing hearing at second sentencing hearing as part of explanation of § 3553(a) factors). In its opinion in the instant case, the majority is attempting to utilize the first sentencing hearing to skirt the district court’s failure to explain its sentence. However, the majority cannot succeed in this stratagem in view of the deficiency of the prior sentencing.
It is unclear how the majority reaches the conclusion that the district court considered Defendant’s argument for a greater downward variance. Merely stating that “it clearly reflected the cooperation” does not make it true, even under plain *703 error review. (Maj. Op. at 700). Upon review of the record of both sentencing hearings, there is no discussion of Defendant’s argument for a downward variance due to his cooperation. There is only the discussion of the government’s § 5K1.1 motion at both sentencings. The government’s brief on appeal concedes that “the court did not make reference to Malloy’s cooperation” when discussing the § 3553(a) factors, which would have been the appropriate time for the district court to address Defendant’s argument for a variance. (Appellee’s Br. at 13-14).
A cursory explanation of the district court's decision to grant the government’s § 5K1.1 motion, while not ideal, would not constitute a procedural error if that decision were reviewable on appeal. See Rita v. United States, 551 U.S. 338, 356-58, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (some arguments can be addressed in brief explanations); United States v. Ridge, 329 F.3d 535, 541 (6th Cir.2003) (district court’s decision to grant or deny § 5K1.1 is usually not reviewable). However, Defendant attempted to make the additional argument that his cooperation was of such a character that his sentence should be even shorter than the government had recommended. That argument, addressing the § 3553(a) factors, is what the district court completely ignored and failed to address in both the first and second sentencing hearings. It is indefensible for the majority to affirm a sentence where the district court entirely failed to address the Defendant’s primary argument in favor of a lower sentence.
The district court’s failure to address whether Defendant’s cooperation should result in a lower sentence than the government recommended in its § 5K1.1 motion was plain error. To demonstrate plain error, a defendant must show “(1) error (2) that was obvious or clear, (3) that affected defendant’s substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.” Vonner, 516 F.3d at 386 (internal quotations omitted). This Circuit’s precedent is clear that “our case law and the Federal Rules of Criminal Procedure indicate that, as a procedural matter, the district judge must generally speak to arguments that are clearly presented and in dispute.” United States v. Simmons, 587 F.3d 348, 361 (6th Cir.2009). Defendant had a substantive right to have the sentencing judge address each of his nonfrivolous arguments explicitly on the record. The majority’s apparent conclusion to the contrary is unsupported by the law of this Circuit and is premised on a complete misreading of the record before this Court.
The procedural error in this case implicates Defendant’s substantial right to meaningful appellate review because the requirement that the district court explain its sentence in § 3553(c), “facilitates such a review by requiring the district court to state its specific reasons for imposing a particular sentence.” United States v. Blackie, 548 F.3d 395, 402 (6th Cir.2008); see also United States v. Lewis, 424 F.3d 239, 247 (2d. Cir.2005) (holding that “Section 3553(c) bestows on defendants the right to argue more effectively that ... a sentence is ‘reasonable.’ This right seems to us clearly to be ‘substantial.’ ”); In re Sealed Case, 527 F.3d 188, 193 (D.C.Cir.2008) (“failure to provide a statement of reasons as required by § 3553(c) is plain error, ‘even when the length of the resulting sentence would otherwise be reasonable’ ”). The clear precedent in this Circuit requiring sentencing judges to explicitly respond on the record to all nonfrivolous arguments raised by the Defendant, which unequivocally implicates a substantial right, demands the conclusion that this sentence be vacated due to the sentencing judge’s failure to address Defendant’s argument for a variance based on his cooperation.
*704 Because this sentence is procedurally unreasonable, even on plain error review, I respectfully dissent.